MCKEE NELSON LLP
Scott E. Eckas (SE 7479)
Kevin J. Biron (KB 1030)
One Battery Park Plaza, 34th Floor
New York, New York 10004
Tel: (917) 777-4200
Fax: (917) 777-4299

Attorneys for plaintiff
Greenwich Capital Financial Products, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREENWICH CAPITAL FINANCIAL PRODUCTS, INC.,

Plaintiff,

-against-

KAY-CO INVESTMENTS INC. (D/B/A PRO30 FUNDING),

Defendant.

Case No.: 07-CV-6523 (PKC)
Date Filed: July 19, 2007
ECF Case

**COMPLAINT**

Plaintiff Greenwich Capital Financial Products, Inc. ("Greenwich"), by and through its attorneys, McKee Nelson LLP, as and for its complaint against defendant Kay-Co Investment Inc. d/b/a Pro30 Funding ("Kay-Co"), alleges, upon knowledge as to itself and otherwise upon information and belief, as follows:

**NATURE OF THIS ACTION**

1. This action arises out of Kay-Co's material breaches of that certain Mortgage Loan Purchase and Interim Servicing Agreement by and between Greenwich and Kay-Co, dated as of October 1, 2006 (the "Agreement"). (A copy of the Agreement is annexed hereto

as Exhibit A). Specifically, Kay-Co has failed to fulfill its obligations under the Agreement to (i) repurchase from Greenwich 12 mortgage loans that experienced early payment defaults, and (ii) remit to Greenwich the related repurchase premiums with respect to those loans. This action seeks to remedy Kay-Co's breaches of the Agreement.

**THE PARTIES**

2. Plaintiff Greenwich is a corporation organized under the laws of Delaware with its principal place of business in Greenwich, Connecticut. Greenwich is (and at all times relevant to this action was) engaged in the business of, among other things, investing in mortgage loans.

3. Defendant Kay-Co is a corporation organized under the laws of California with its principal place of business in Novato, California. At all times relevant to this action, Kay-Co was engaged in the business of buying and selling mortgage loans and was doing business under the fictitious name Pro30 Funding.

**JURISDICTION AND VENUE**

4. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) in that Greenwich and Kay-Co are citizens of different states and the matter in controversy, exclusive of interest and costs, exceeds $75,000.

5. As set forth in Section 23 of the Agreement, Kay-Co consented to personal jurisdiction and venue in this Court. In addition, this Court has personal jurisdiction over Kay-Co pursuant to §§ 301 and 302 of the New York Civil Practice Law and Rules. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(a) because, among other things, Kay-Co is subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

### A. The Agreement

6. On or about October 1, 2006, Greenwich and Kay-Co entered into the Agreement whereby Kay-Co agreed to sell, and Greenwich agreed to purchase, from time to time, certain mortgage loans pursuant to the terms of the Agreement. Agreement §2, at 14. Each such mortgage loan was made with respect to, and secured by, a unique parcel of real property. See id. at 1. New York law governs the parties' performance and remedies under the Agreement. Id. § 23, at 58-59.

7. Pursuant to the Agreement, Kay-Co agreed to repurchase, at the contractually specified "Repurchase Price," any mortgage loan purchased by Greenwich that experienced an early payment default. Id. § 7.04(a), at 35. Specifically, the Agreement provides:

> [i]n the event that (i) the first Due Date for a Mortgage Loan is prior to the [first day of the month in which the related closing occurs] and the initial Monthly Payment is not made by the related Mortgagor within thirty (30) days of such Due Date or (ii) the first, second or third Monthly Payment on any Mortgage Loan due following the [first day of the month in which the related closing occurs] is not made by the related Mortgagor within thirty (30) days of the related Due Date, then, in each such case, *[Kay-Co] shall repurchase the affected Mortgage Loans at the Repurchase Price*, which shall be paid as provided for in Subsection 7.03.

Id. (emphasis added).

8. The term "Repurchase Price" is defined in the Agreement as:

> a price equal to (i) the Stated Principal Balance of such Mortgage Loan, plus (ii) interest on such Stated Principal Balance at the Mortgage Interest Rate from and including the last Due Date through which interest has been paid by or on behalf of the Mortgagor to the first day of the month following the date of repurchase, less amounts received in respect of such repurchased Mortgage Loan which are being held in the Custodial Account for

> distribution in connection with such Mortgage Loan, plus (iii) any unreimbursed servicing advances and monthly advances (including nonrecoverable monthly advances) and any unpaid servicing fees allocable to such Mortgage Loan paid by any party other than the Seller, plus (iv) any costs and expenses incurred by the Purchaser, the servicer, master servicer or any trustee in respect of the breach or defect giving rise to the repurchase obligation including without limitation any costs and damages incurred by any such party in connection with any violation by any such Mortgage Loan of any predatory or abusive lending law.

Id. § 1, at 12.

9. In addition, Kay-Co agreed to pay Greenwich a premium with respect to each mortgage loan repurchased by Kay-Co if Greenwich had originally purchased that loan at a price that exceeded the unpaid principal balance of such loan. The Agreement provides that in the event that Kay-Co repurchases any mortgage loan suffering an early payment default:

> [Kay-Co] shall remit to [Greenwich] an amount equal to the product of (i) the excess of (A) the percentage of par as stated in the related Confirmation as the purchase price percentage (subject to adjustment as provided therein) over (B) 100%, times (ii) the outstanding principal balance of such Mortgage Loan as of the date of repurchase. Such obligation to [Greenwich] shall survive any sale or assignment of the Mortgage Loans by the [Greenwich] to any third party and shall be independently enforceable by the [Greenwich].

Id. § 7.04(c), at 35-36.

**B. The Relevant Transactions and Kay-Co's Failure to Comply with its Repurchase Obligations**

10. From October 2006 through April 2007, Greenwich and Kay-Co closed twelve mortgage loan transactions pursuant to the Agreement. Those transactions involved a total of 1,375 mortgage loans (the "Loans").

11. Greenwich has assigned certain of the Loans to third parties (the "Assigned Loans").

12. Beginning in January 2007 and continuing through May 2007, the following Loans currently owned by Greenwich experienced early payment defaults (the "EPD Loans"):

- Loan # 325882 (original loan amount = $143,000);
- Loan # 328327 (original loan amount = $188,000);
- Loan # 327677 (original loan amount = $150,000);
- Loan # 325660 (original loan amount = $128,000);
- Loan # 327217 (original loan amount = $203,000);
- Loan # 328371 (original loan amount = $105,000);
- Loan # 328799 (original loan amount = $128,000);
- Loan # 328831 (original loan amount = $210,000);
- Loan # 329049 (original loan amount = $61,500);
- Loan # 330533 (original loan amount = $69,000);
- Loan # 331861 (original loan amount = $80,000); and
- Loan # 330461 (original loan amount = $144,000)

13. Certain of the Assigned Loans have also experienced early payment defaults. The Assigned Loans are not the subject of this action. Greenwich expressly preserves any and all claims it has or may in the future have with respect to those Assigned Loans, as well as such other claims under the Agreement that may arise in the future.

14. Between February 2007 and May 2007, Greenwich repeatedly demanded that Kay-Co repurchase the EPD Loans.

15. Notwithstanding Kay-Co's repurchase obligations under the Agreement, Kay-Co has ignored Greenwich's demands and failed to repurchase any of the EPD Loans.

16. Greenwich has been and remains ready, willing, and able to perform its obligations under the Agreement with respect to the EPD Loans, provided that Kay-Co satisfies its repurchase obligations.

17. The current repurchase price of the EPD Loans is approximately $1.75 million dollars. The current repurchase premiums owed by Kay-Co with respect to those loans is approximately $8,204.54.

**FIRST CAUSE OF ACTION**
(Breach of Contract)

18. Greenwich repeats and realleges each and every allegation contained in paragraphs 1 through 15 above as though fully set forth herein.

19. The Agreement is a valid and binding contract between Greenwich and Kay-Co.

20. Greenwich has fully performed its obligations under the Agreement.

21. Kay-Co has materially breached the Agreement by failing to repurchase the EPD Loans and remit the related repurchase premiums to Greenwich.

22. By reason of Kay-Co's material breaches of the Agreement, Greenwich has been damaged.

**SECOND CAUSE OF ACTION**
(Quasi-Contract/Unjust Enrichment)

23. Greenwich repeats and realleges each and every allegation contained in paragraphs 1 through 20 above as though fully set forth herein.

24. In the event the Court determines that no valid and enforceable contract exists between the parties, Greenwich seeks damages on a theory of quasi-contract/unjust enrichment.

25. Greenwich paid Kay-Co to acquire the Loans and for the right to sell back any Loan in early payment default and receive the related repurchase premium.

26. Kay-Co has benefited from its receipt and retention of Greenwich's money and the interest being earned thereon.

27. By selling Greenwich the EPD Loans that immediately went into early payment default and failing to repurchase those Loans (and remit the related repurchase premiums) upon proper request, Kay-Co intentionally and wrongfully has retained a benefit that in equity and good conscience it is not entitled to retain.

**RELIEF REQUESTED**

WHEREFORE, Greenwich demands judgment against Kay-Co: (i) directing that Kay-Co specifically perform its obligations under the Agreement to repurchase the EPD Loans and remit to Greenwich the related repurchase premiums; (ii) in the alternative, awarding damages in an amount to be determined at trial, plus interest; (iii) reasonable costs, attorneys' fees and expenses incurred in connection with this action; and (iv) such other and further relief as this Court may deem just and proper.

Dated: New York, New York
July 19, 2007

MCKEE NELSON LLP

By: ______________________
Scott E. Eckas (SE 7479)
Kevin J. Biron (KB 1030)

One Battery Park Plaza
New York, New York 10004
Tel: (917) 777-4200
Fax: (917) 777-4299

*Attorneys for Plaintiff Greenwich Capital Financial Products, Inc.*