UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

GREENWICH CAPITAL FINANCIAL PRODUCTS, INC.,

                              Plaintiff,

        -against-

KAY-CO INVESTMENTS, INC. (D/B/A PRO30 FUNDING),

                              Defendant.

------------------------------------------------------------------x

Case No.: 07-CV-6523 (PKC)

**Electronically Filed**

### AFFIDAVIT OF SCOTT E. ECKAS IN FURTHER SUPPORT OF PLAINTIFF GREENWICH CAPITAL FINANCIAL PRODUCTS, INC.'S APPLICATION FOR JUDGMENT BY DEFAULT

STATE OF NEW YORK    )
                              ) ss.:
COUNTY OF NEW YORK  )

        Scott E. Eckas, being duly sworn, deposes and says:

        1.     I am a member of the Bar of this Court and a partner with the firm of McKee Nelson LLP ("McKee Nelson"), attorneys for plaintiff Greenwich Capital Financial Products, Inc. ("Greenwich") in the above-captioned action. I make this affidavit in support of Greenwich's application for the entry of a default judgment against defendant Kay-Co Investments, Inc. ("Kay-Co"). I am familiar with the facts and circumstances set forth below.

**Nature of the Action**

2.  This case was commenced by Greenwich on July 19, 2007, by the filing of a summons and complaint (respectively, the "Summons" and the "Complaint"). A true and correct copy of the Summons and Complaint is annexed hereto as <u>Exhibit 1</u>.

3.  As set forth more fully in the Complaint, this is a breach of contract action that arises out of Kay-Co's material breaches of a Mortgage Loan Purchase and Interim Servicing Agreement (the "Agreement") by and between Greenwich and Kay-Co, dated as of October 1, 2006. Specifically, Kay-Co has failed to fulfill its obligations under the Agreement to (i) repurchase from Greenwich 12 mortgage loans that experienced early payment defaults, and (ii) remit to Greenwich the related repurchase premiums with respect to those loans. Greenwich is seeking damages in the amount of $1,719,793.09 arising from Kay-Co's breaches of the Agreement as well as reasonable costs, attorney's fees and expenses incurred in connection with this action in the amount of $47,211.03.

4.  A true and correct copy of the Agreement is annexed hereto as <u>Exhibit 2</u>.

**Subject Matter and Personal Jurisdiction**

5.  Greenwich is a corporation organized under the laws of Delaware with its principal place of business in Greenwich, Connecticut.

6.  Kay-Co is a corporation organized under the laws of California with its principal place of business in Novato, California.

7.  This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) in that Greenwich and Kay-Co are citizens of different states and the matter in controversy, exclusive of interest and costs, exceeds $75,000.00.

8.  This Court has personal jurisdiction over Kay-Co pursuant to §§ 301 and 302 of the New York Civil Practice Law and Rules ("CPLR") in that Kay-Co transacts business in the State of New York. Moreover, as set forth in Section 23 of the Agreement, Kay-Co has consented to personal jurisdiction in this Court.

**Default of Kay-Co**

9.  Pursuant to § 311 of the CPLR, a copy of the Summons and Complaint was properly served on Kay-Co on July 20, 2007 by personal service on Gerry Morando, intake clerk at National Registered Agents, Inc., which is Kay-Co's registered agent. A true and correct copy of the Affidavit of Service, which was filed with the Court on July 23, 2007, is annexed hereto as Exhibit 3.

10. Pursuant to Federal Rule of Civil Procedure 12(a), Kay-Co was required to plead or otherwise defend the claims asserted in the Complaint within twenty (20) days of service, by August 9, 2007. Kay-Co has not answered the Complaint and the time for Kay-Co to answer the Complaint has expired.

11. Kay-Co, being a corporation organized under the laws of California, is not in the military, an infant or an incompetent person.

12. The Clerk of the Court noted the default of Kay-Co on August 30, 2007 and issued a Certificate of Default stating that Kay-Co was properly served and failed to answer or appear. A true and correct copy of the Certificate of Default is annexed hereto as Exhibit 4.

**Reasonable Costs, Attorney's Fees and Expenses**

13. Greenwich requests reasonable costs, attorney's fees and expenses incurred in connection with this action in the total amount of $47,211.03, which is justly due and owing pursuant to Section 14.01 of the Agreement, and no part of which has been paid. The

hourly rates, hours billed and expenses incurred are commensurate to those of high-quality New York financial services law firms working on similar matters. With respect to expenses and costs incurred by Greenwich in connection with this matter, McKee Nelson charged Greenwich an administrative surcharge equal to two percent (2%) of McKee Nelson's fees, which amount was charged in lieu of separate charges for expenses for such items as photocopying, messenger and delivery or other courier service, computerized research charges, long distance telephone and telecopy charges, and secretarial overtime. McKee Nelson, however, did bill Greenwich separately for court filing fees. Attached hereto as <u>Exhibit 5</u> is a statement showing the hours spent by each attorney working on this matter, the reasonable hourly rate for each attorney and a description of the services provided, the administrative surcharge, and the itemized expenses.

Dated: New York, New York
9/18/07

By: _____
Scott E. Eckas (SE 7479)

Sworn to before me this 18th
day of September, 2007.

_____
Notary Public
GARY STRUM
Notary Public, State of New York
No. 01ST6115216
Qualified in New York County
Commission Expires September 7, 2008

4