UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

GREENWICH CAPITAL FINANCIAL PRODUCTS, INC.,

                             Plaintiff,

              -against-

KAY-CO INVESTMENTS, INC. (D/B/A PRO30 FUNDING),

                             Defendant.

------------------------------------------------------------------x

Case No.: 07-CV-6523 (PKC)

**Electronically Filed**

### AFFIDAVIT OF ANTHONY CONSTANTINE IN FURTHER SUPPORT OF PLAINTIFF GREENWICH CAPITAL FINANCIAL PRODUCTS, INC.'S APPLICATION FOR JUDGMENT BY DEFAULT

STATE OF NEW YORK    )
                              ) ss.:
COUNTY OF NEW YORK  )

        Anthony Constantine, being duly sworn, deposes and says:

        1.     I am a Vice President at plaintiff Greenwich Capital Financial Products, Inc. ("Greenwich"). I have been employed by Greenwich since February 1998. I make this affidavit in support of Greenwich's application (the "Application") for the entry of a default judgment against defendant Kay-Co Investments, Inc. ("Kay-Co"). Unless otherwise indicated, I have personal knowledge of the facts set forth herein.

2. As set forth more fully in the Complaint,[1] on or about October 1, 2006, Greenwich and Kay-Co entered into the Agreement whereby Kay-Co agreed to sell, and Greenwich agreed to purchase, from time to time, certain mortgage loans pursuant to the terms of the Agreement.

3. Pursuant to the Agreement, Kay-Co agreed to repurchase, at the contractually specified "Repurchase Price," any mortgage loan purchased by Greenwich that experienced an early payment default. In addition, Kay-Co agreed to pay Greenwich a premium with respect to each mortgage loan repurchased by Kay-Co if Greenwich had originally purchased that loan at a price that exceeded the unpaid principal balance of such loan.

4. Twelve loans currently owned by Greenwich experienced early payment defaults (the "EPD Loans") and Kay-Co failed to honor its contractual obligation under the Agreement to repurchase those loans and remit the related repurchase premiums.

5. Each of the EPD Loans is a second priority mortgage loan and remains in the possession of Greenwich. A second priority mortgage loan has a second priority lien on the underlying real estate securing the loan, which means that – upon default and foreclosure – the first priority mortgage loan (having a first priority lien) must be satisfied before the holder of a second priority mortgage loan may receive any recovery on account of such loan.

6. Greenwich respectfully requests that this Court enter a judgment by default against Kay-Co in the amount of $1,767,004.12 (the "Total Requested Judgment Amount"). No part of the Total Requested Judgment Amount has been paid.

7. The Total Requested Judgment Amount consists of the following:

---

[1] Each capitalized term used but not defined herein shall have the meaning ascribed to such term in the Affidavit of Scott E. Eckas, sworn to on September 18, 2007 (the "Eckas Affidavit") and also submitted in support of the Application.

- damages in the amount of $1,706,990.66, plus interest at 9% from July 30, 2007, for a total as of August 31, 2007 of $1,719,793.09 (the "Proposed Damages Amount"), which is justly due and owing pursuant to § 7.04 of the Agreement; and

- reasonable costs, attorney's fees and expenses incurred in connection with this action in the total amount of $47,211.03 (the "Proposed Fees Amount"), which is justly due and owing pursuant to Section 14.01 of the Agreement.

8. The calculations made in arriving at the Proposed Damages Amount are set forth below. The calculation of the Proposed Fees Amount is set forth in the Eckas Affidavit.

9. As indicated above, there are two principal components of the Proposed Damages Amount: (i) Greenwich's loss arising from Kay-Co's failure to repurchase the EPD Loans (the "Repurchase Loss") and (ii) Greenwich's loss arising from Kay-Co's failure to remit the related repurchase premiums (the "Premium Loss").

**Calculation of the Repurchase Loss**

10. To calculate the Repurchase Loss, I completed the following steps in accordance with Section 7.04(a) of the Agreement:

- First, in accordance with the definitions set forth in the Agreement, I calculated the Repurchase Price at which Kay-Co was obligated to repurchase each of the EPD Loans using a repurchase date of July 30, 2007.

- Second, I summed the Repurchase Prices calculated with respect to each of the EPD Loans to determine the aggregate Repurchase Price for all

3

EPD Loans, which is $1,747,037.82. The calculations detailed in this step and step 1 are set forth in Exhibit 1 annexed hereto.

- Third, I determined the current market value of each of the EPD Loans by soliciting and receiving bids from Truman Capital Advisors LLC ("Truman"), a specialist in delinquent mortgage loans. Because the EPD Loans are second priority mortgage loans, the bids received from Truman ranged from 0.00 to 0.03 per dollar of the unpaid principal balance of each loan. I believe Truman's bids are commercially reasonable given the EPD Loans are second priority mortgage loans that have already defaulted.

- Fourth, to calculate a conservative aggregate market value of the EPD Loans, I multiplied the aggregate unpaid principal balance of the EPD Loans by 0.03, which resulted in an aggregate current market value of $48,251.70. The calculations detailed in this step are set forth in Exhibit 2 annexed hereto.

- Fifth, I determined the difference between the aggregate Repurchase Price at which Kay-Co was obligated to repurchase the EPD Loans and the aggregate current market value of the EPD Loans (*i.e.*, $1,747,037.82 - $48,251.70). The difference is **$1,698,786.12**, which is the Repurchase Loss.

**Calculation of the Premium Loss**

11. To calculate the Premium Loss, I completed the following steps in accordance with Section 7.04(c) of the Agreement:

4

- First, with respect to each of the EPD Loans, I calculated the product of (i) the excess – if any – of the percentage of par as stated in the related trade confirmation as the purchase price percentage (subject to adjustment as provided therein) over 100% <u>times</u> (ii) the outstanding principal balance of the loan on July 30, 2007.

- <u>Second</u>, I summed the results from step 1 and determined that the Premium Loss was **$8,204.54**. The calculations detailed in this step and step 1 are set forth in <u>Exhibit 3</u> annexed hereto.

**Calculation of Proposed Damages Amount**

12. To calculate the Proposed Damages Amount, I completed the following steps:

- <u>First</u>, I summed the Repurchase Loss ($1,698,786.12) and the Premium Loss ($8,204.54), which resulted in the proposed damages amount of $1,706,990.66.

- <u>Second</u>, I calculated the amount of interest that accrued on $1,706,990.66 from July 30, 2007 until August 31, 2007 using an annual simple interest rate of 9%. The accrued interest was $12,802.43. The calculations detailed in this step are set forth in <u>Exhibit 4</u> annexed hereto.

- <u>Third</u>, I summed $1,706,990.66 and $12,802.43 and arrived at the Proposed Damages Amount of **$1,719,793.09**.

**[Remainder of Page Intentionally Left Blank]**

5

Dated: ~~New York, New York~~ Stamford, CT

By: _/s/ Anthony Constantine_
Anthony Constantine

Sworn to before me this 21st
day of Sept., 2007.

_Kimberly A. Dube_
Notary Public
**Kimberly A. Dube**
**My Commission Expires 08/31/2012**

6