```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/4/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GREENWICH CAPITAL FINANCIAL
PRODUCTS, INC.

                Plaintiff,                07 Civ. 6523 (PKC)

   -against-

                                          MEMORANDUM
                                          AND ORDER

KAY-CO INVESTMENTS INC., d/b/a Pro30
Funding,

              Defendant.
------------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        Plaintiff filed this action on July 19, 2007, alleging that defendant breached a Mortgage Loan Purchase and Interim Servicing Agreement by and between plaintiff and defendant, dated as of October 1, 2006 (the "Agreement"). Specifically, plaintiff contends that defendant failed to fulfill its obligations under the Agreement to (i) repurchase from plaintiff 12 mortgage loans that experienced early payment defaults (the "EPD Loans"), and (ii) remit to plaintiff the related purchase premiums with respect to those loans.

        Plaintiff now moves for an order granting default judgment pursuant to Rule 55, Fed. R. Civ. P., against defendant in the amount of $1,706,990.66, plus interest in the amount of $12,802.43, plus costs and attorneys' fees in the amount of $47,211.03. As of the date of this Order, defendant has not answered the complaint or otherwise appeared in the action, and its default has been noted by the Clerk of Court.

As plaintiff has complied with Rule 55, Fed. R. Civ. P. and Local Rules 55.1 and 55.2, as well as this Court's individual Default Judgment Procedures, the motion for default judgment is granted.

Damages

On a motion for default judgment, the Court must determine whether there is a reasonable basis for the damages specified by the moving party. See Rule 55(b)(2); Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (quoting Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989) (additional citations omitted)). I have examined the Affidavit of Scott E. Eckas (the "Eckas Affidavit") and the Affidavit of Anthony Constantine ("Constantine Affidavit"), as well as the exhibits attached thereto, and I am satisfied that there is a reasonable basis for the amount of damages requested by plaintiff.

Plaintiff seeks the actual damages it suffered as a result of defendant's failure to perform its obligations under the Agreement. The steps plaintiff took to calculate its actual damages are set forth in detail in the Constantine Affidavit. (Constantine Aff. ¶¶ 10-12.) First, in accordance with Section 7.04(a) of the Agreement, plaintiff calculated the loss it suffered from defendant's failure to repurchase the EPD Loans, taking into account the loans' aggregate current market value, to arrive at the amount of Repurchase Loss. In accordance with Section 7.04(c) of the Agreement, Plaintiff then calculated the loss it suffered from defendant's failure to remit to plaintiff the related purchase premiums for the EPD Loans, to arrive at the amount of Premium Loss. Plaintiff then added the Repurchase Loss and the Premium Loss and added interest

for the period July 30, 2007, which is the Repurchase Date, as that term is defined in the Agreement, through August 31, 2007, at an annual simple interest rate of 9%.

I conclude that plaintiff is entitled to damages in the amount of $1,706,990.66, plus interest at a rate of 9% for the period July 30, 2007 through the date of this judgment.

Attorneys' Fees and Costs

"Promises by one party to indemnify the other for attorneys' fees run against the grain of the accepted policy that parties are responsible for their own attorneys' fees." Oscar Gruss & Son, Inc. v. Hollander, 337 F.3d 186, 199 (2d Cir. 2003) (citing Hooper Assocs., Ltd. v. AGS Computers, Inc., 74 N.Y.2d 487, 492 (1989)). Under New York law, which governs the Agreement (see Agreement Section 23), "'the court should not infer a party's intention' to provide counsel fees as damages for a breach of contract 'unless the intention to do so is unmistakably clear' from the language of the contract." Oscar Gruss, 337 F.3d at 199 (quoting Hooper, 74 N.Y.2d at 491) (additional citations omitted).

Plaintiff bases its claim for attorneys' fees and costs on subsection 14.01 of the Agreement, which requires defendant to:

> indemnify the Initial Purchaser and any subsequent Purchaser and hold them harmless against any and all claims, losses, damages, penalties, fines, forfeitures, reasonable and necessary legal fees and related costs, judgments, and any other costs, fees and expenses that the Initial Purchaser and any subsequent Purchaser may sustain in any way related to the failure of the Seller to perform its obligations under this Agreement *including but not limited to its obligation to service and administer the Mortgage Loans in strict compliance with the terms of this Agreement*

3

> *or any Reconstitution Agreement entered into pursuant to Section 12.*

Subsection 14.01 appears to be a typical indemnity clause which provides for reimbursement of damages in connection with third-party claims. The presence of the "including but not limited to . . ." language, which is italicized above, supports this reading, because an action arising out of a failure to properly service and administer the Mortgage Loans is one which is more likely to be brought by a third party than by plaintiff.

There is no language in subsection 14.01, nor in the provisions surrounding it, that "'evince[s] and unmistakable intention to indemnify'" attorneys' fees and costs in an action commenced by plaintiff against defendant. Oscar Gruss, 337 F.3d at 199 (quoting Eastman Kodak Co. v. STWB Inc., 232 F. Supp. 2d 74, 95 (S.D.N.Y. 2002)). Nor has plaintiff pointed me to any other language in the Agreement itself or any other evidence which would suggest that the parties intended to include attorneys' fees as damages for a breach of the Agreement. Furthermore, Section 15 of the Agreement refers to certain remedies in the event that the defendant defaults on any of its obligations under the Agreement, and noticeably absent from that clause is any reference to attorneys' fees and costs.

I conclude that, in this case, "construing the indemnification clause 'as pertaining only to third-party suits affords a fair meaning to all of the language employed by the parties in the contract and leaves no provision without force and effect.'" Oscar Gruss, 337 F.3d at 200 (quoting Hooper, 74 N.Y.2d at 493). Accordingly, plaintiff's request for attorneys' fees and costs is denied.

The motion for default judgment is GRANTED in the amount of $1,706,990.66 in damages, plus 9% interest for the period beginning July 30, 2007 through and including the date of this judgment.

SO ORDERED.

Dated: New York, New York
April 4, 2008

P. Kevin Castel
United States District Judge